UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

TIMMY JUNIOR DOSS #531147,

        Plaintiff,

v.

CORIZON, INC. et al.,

        Defendants.
_____/

Case No. 2:22-cv-144

Hon. Hala Y. Jarbou

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's factual allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because Defendant Michigan State Industrial Optical (MSI Optical) is immune from suit and, with regard to both Defendants, Plaintiff has failed to state a claim upon which relief may be granted.

**Discussion**

I.      **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Corizon, Inc. (Corizon) and MSI Optical.

Plaintiff alleges that Defendant Corizon serves as the health care provider contracted by the MDOC to provide healthcare services for LMF but acknowledges that he is unsure of the nature of Defendant MSI Optical. (ECF No. 1, PageID.6.) While Plaintiff speculates that MSI Optical is a contractor of either Corizon or the MDOC, responsible for providing prescription eyeglasses to inmates, (*id.*), this Court takes judicial notice of the fact that MSI, which is accurately named Michigan State Industries, is "a bureau of the Michigan Department of Corrections . . . [that] operates about 39 factories in Michigan prisons," *Holt v. Michigan Dep't of Corr., Michigan State Indus.*, 974 F.2d 771, 772 (6th Cir. 1992); *see also About MSI*, Michigan.Gov, https://www.michigan.gov/msi/about (last visited Oct. 18, 2022) (describing MSI as a manufacturer operating within the MDOC); Mich. Comp. Laws Ann. § 791.271 (providing that the assistant director of the bureau of prison industries is "vested with the control, management, coordination and supervision of the industrial plants connected with the several penal institutions . . .").[1] As part of its range of services, MSI operates an optical laboratory, located at

---

[1] When assessing whether a complaint states a claim, the Court is generally limited to the allegations of the complaint. However, that general limitation is not entirely inflexible. The Sixth Circuit Court of Appeals has "taken a liberal view of what matters fall within the pleadings for purposes of [determining whether a complaint states a claim.]" *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). Thus:

the Gus Harrison Correctional Facility. *Annual Report 2020*, Michigan State Industries & Michigan Department of Corrections (2020), https://www.michigan.gov/msi/about/admin (follow "View Annual Report 2020" link). There, prisoners, supervised by a trades instructor, manufacture and distribute optical wear to MDOC prisoners and staff. *Id.*

Plaintiff alleges that he has been deprived of prescription eyeglasses. In October 2019, Plaintiff lost his eyeglasses and requested a replacement. (ECF No. 1, PageID.7.) Plaintiff was seen by "optical" in 2019, at which time Plaintiff was given an eye exam and a pair of eyeglasses were ordered for him. (*Id.*) Plaintiff's eyeglasses never arrived, and Plaintiff's eyesight has worsened. (*Id.*)

In January 2021, Plaintiff completed a health care request, asking for eyeglasses and an eye examination. (*Id.*) Nurse Jamie Koski, RN (a non-party) responded to Plaintiff's health care request, informing Plaintiff that "Health Care" was in the process of developing a plan to safely begin nursing appointments due to the COVID-19 pandemic and that "[o]nce that plan is finalized, normal operations will resume as resources allow." (ECF No. 1-3, PageID.22.)

---

If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).

At this preliminary stage in litigation, courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies. *Id.*

*Id*. This Court may take judicial notice of proceedings in other courts of record. *Chase v. MaCauley*, 971 F.3d 582, 587 (6th Cir. 2020). The Court may also take judicial notice of the information provided by a search of the MDOC's website. *See e.g.*, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009) (taking judicial notice of contents of the Bureau of Prisons' website); *Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites.").

3

Plaintiff was examined by optical over ten months later, on October 19, 2021. (ECF No. 1, PageID.7; ECF No.1-4, PageID.24.) During Plaintiff's eye examination, it was determined that Plaintiff's eyesight had worsened because of the absence of prescription eyeglasses. (ECF No.1, PageID.7.) Another pair of eyeglasses were ordered for Plaintiff; however, those eyeglasses never arrived. (*Id.*; ECF No.1-4, PageID.24.)

On January 1, 2022, Plaintiff sent a third health care request for eyeglasses. (*Id.*) Plaintiff did not receive any response from any health care provider. (ECF No. 1, PageID.7.) Plaintiff did however receive a notice from MSI Optical dated January 21, 2022, indicating that Plaintiff's October 2021 order had been delayed because "COVID has severely slowed down MSI Optical." (ECF No. 1-5, PageID.26.)

On March 23, 2022, Plaintiff submitted a fourth health care request inquiring about his eyeglasses. (ECF No. 1-1, PageID.13.) After not receiving an immediate response, Plaintiff filed a grievance on March 28, 2022. (*Id.*) On March 30, 2022, Nurse Dennis D. Smith (a non-party) responded to Plaintiff's health care request, stating: "We have contacted MSI who stated that your glasses were made and sent, but they have no record of where the glasses are. They are therefore making a new pair immediately and sending them as soon as possible." (ECF No. 1-6, PageID.28.) To date, Plaintiff has not received eyeglasses.

Plaintiff alleges that MSI Optical is "fully aware of the danger of a person going without prescription eyeglasses, as well as [MSI Optical's] inability to perform [its] duty in providing eyeglasses, and yet, [has] done nothing to correct the problem." (ECF No. 1, PageID.8–9.)

With respect to Corizon, Plaintiff alleges in a conclusory fashion that it has chosen to contract with only MSI Optical, despite knowing that there are other providers offering the same service. (*Id.*, PageID.8.) Plaintiff also alleges that Corizon maintains a policy that requires

4

offenders to generally wait one year to receive new prescription eyeglasses and an eye examination. (*Id.*)

Plaintiff contends that, because he has been deprived of prescription eyeglasses, he cannot read his Bible or participate in religious activities, cannot read books or play table games, and suffers from daily headaches and temporary blindness, which sometimes cause accidents. (*Id.*) Plaintiff brings claims against both Defendants under the First and Eighth Amendments. He seeks monetary damages and a permanent injunction ordering that Defendants provide Plaintiff with eyeglasses. (*Id.*, PageID.9).

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

5

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Eighth Amendment Denial of Medical Care

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. It obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v.*

6

*Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . .: A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted).

With these principles in mind, this Court will examine Plaintiff's Eighth Amendment claims against each Defendant.

7

### 1. Defendant Corizon

Plaintiff claims that Corizon violated his Eighth Amendment constitutional rights through its policy of "restricting its vendor to Michigan State Industrial Optical" to save money, despite knowing that MSI Optical could not fulfill its obligations, and through a policy of requiring offenders to wait one year to receive a new eye examination and new eyeglasses. (ECF No. 1, PageID.8.) However, Plaintiff's complaint is devoid of facts that would support his assumption that Corizon contracted with MSI Optical. The public record and facts subject to judicial notice, which are discussed above, make clear that there would be no basis for such an assumption; MSI Optical is a bureau within the MDOC and, therefore, is not a private entity contracting with Corizon. *See Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010) (internal citations omitted) (recognizing, for purposes of determining whether a complaint states a claim, that courts "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice"). Accordingly, this Court will limit its review to Plaintiff's claim that Corizon violated Plaintiff's constitutional rights through its policy of requiring offenders to wait one year to receive a new eye examination and new eyeglasses.

A private entity which contracts with the state to perform a traditional state function like providing healthcare to inmates—like Corizon—can "be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West*, 487 U.S. at 54). The requirements for a valid § 1983 claim against a municipality apply equally to private corporations that are deemed state actors for purposes of § 1983. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), has been extended to private corporations).

8

"Under 42 U.S.C. § 1983, while a municipality can be held liable for a constitutional violation, there is no vicarious liability based on the acts of its employees alone." *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (citing *Monell*, 436 U.S. at 690–91). Instead, a municipality "can be sued under § 1983 only when a policy or custom of that government caused the injury in question." *Id.* (citations omitted). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005) (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)); *Claiborne Cnty.*, 103 F.3d at 508–09.

While this Court accepts as true Plaintiff's allegation that Corizon maintains a policy of requiring offenders to generally wait one year before receiving new eyeglasses, (ECF No. 1, PageID.8), the Court finds this policy unconnected to Plaintiff's alleged constitutional violation. Plaintiff does not allege that, as a result of this policy, eyeglasses were not ordered for him; they were. Plaintiff alleges that the orders, though placed by Corizon, were not properly filled or sent to Plaintiff. Thus, the Court finds that the execution of Corizon's one-pair-per-year policy cannot be said to have caused any deprivation of Plaintiff's constitutional rights. The Court therefore will dismiss Plaintiff's Eighth Amendment claim against Corizon.

### 2.    **Defendant MSI Optical**

Plaintiff also alleges that MSI Optical violated Plaintiff's Eighth Amendment right to adequate medical care when MSI Optical failed to provide Plaintiff with prescription eyeglasses, despite an awareness of the harm that would result. (ECF No. 1, PageID.9.) However, MSI Optical is immune from suit in this Court.

As described above, MSI Optical is a division of the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from

9

suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Therefore, this Court will dismiss Plaintiff's Eighth Amendment claims against MSI Optical.

### B.     First Amendment Free Exercise

In addition to bringing claims under the Eighth Amendment, Plaintiff alleges that both Corizon and MSI Optical violated Plaintiff's First Amendment rights by failing to provide prescription eyeglasses in the ways described above, which, in turn, has interfered with Plaintiff's ability to read the Bible and participate in Bible study. (ECF No. 1, PageID.8.)

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . ." U.S. Const. amend. I. The right to freely exercise one's religion falls within the fundamental concept of liberty under the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). Thus, state

legislatures and those acting on behalf of a state are "as incompetent as Congress" to interfere with the right. *Id.*

While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that this right has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) his belief is sincerely held; and (3) Defendants' behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001); *Bakr v. Johnson*, No. 95-2348, 1997 WL 428903, at *2 (6th Cir. July 30, 1997).

### 1. MSI Optical

As described above, the MDOC, including its bureau, MSI Optical, is immune from suit in this Court and neither the MDOC nor MSI Optical are persons as contemplated by § 1983. Therefore, it is unnecessary that this Court further analyze Plaintiff's First Amendment claim as against this Defendant. Plaintiff's First Amendment claim against MSI Optical will be dismissed.

### 2. Corizon

As to Defendant Corizon, this Court finds that even if Plaintiff's difficulty in reading the Bible because he lacked eyeglasses were deemed a substantial burden on the practice of his religion, Plaintiff has not articulated facts to demonstrate that Plaintiff's lack of eyeglasses was the result of Corizon's one-pair-per-year policy. Accordingly, Plaintiff fails to state a First Amendment claim against Corizon.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed on grounds of immunity and for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: October 21, 2022  /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE